United States Cold Storage Corporation *v.* Philadelphia (et al., Appellant).

412

Argued May 21, 1968. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Marvin Comisky*, with him *Goncer M. Krestal*, and *Blank, Rudenko, Klaus & Rome*, for appellant.

*Franklin Poul*, with him *Wolf, Block, Schorr and Solis-Cohen*, for appellee.

OPINION BY MR. JUSTICE JONES, October 3, 1968:

One phase of the instant controversy was before us on a previous occasion. See: *U. S. Cold Storage Corp. v. Philadelphia*, 427 Pa. 624, 235 A. 2d 422 (1967). We deem essential a recitation of the factual background of this matter as set forth in our prior decision.

"The United States Cold Storage Corporation and Philadelphia Warehousing and Cold Storage Company (Storage Companies), instituted this equity action in Philadelphia County against the City of Philadelphia (City), the [General State] Authority, Lavino Shipping Company (Lavino), and Pennsylvania Refrigerated Terminals, Inc. (Terminals) to restrain the construction of a cold storage warehouse as part of a port complex known as the Packer Avenue Marine Terminal. The Storage Companies operate cold storage and refrigerated facilities in the same area wherein this marine terminal is to be constructed with joint financing by the City and the Authority and the marine terminal will be leased to Lavino and the cold storage warehouse unit to be located therein will be leased to Terminals. The gravamen of the Storage Companies' complaint is that insofar as the Authority is concerned, the proposed construction offends the General State Authority Act . . . which proscribes the exercise of the Authority's power to construct any project which, 'in whole or in part, shall duplicate or compete with existing enterprises serving substantially the same purposes' and the contemplated project will duplicate and compete with the Storage Com-

panies' present cold storage and refrigerated facilities." (p. 625).

On the previous appeal, neither the City, Lavino nor Terminals were parties to or intervenors therein; the *sole* parties were the Storage Companies and the Authority which, by way of preliminary objections, questioned the venue of the action against it in Philadelphia County. We stated on that appeal: "The sole issue is whether *exclusive* venue in litigation wherein the Authority is being sued lies in Dauphin County" and a majority of this Court[1] held, on the authority of Pa. R. C. P. 1503(c), that the action in equity against the Authority could be instituted *only* in Dauphin County.

On that appeal, it was argued that, under Pa. R. C. P. 2103(b), the City could be sued only in Philadelphia County and, if the Authority could be sued only in Dauphin County, "then of necessity two separate actions involving identical issues would have to be instituted by the Storage Companies in two separate actions." We pointed out that, under Pa. R. C. P. 1006(c), both the Authority *and* the City could *now* be sued in Dauphin County.[2] Applying the amended Rule 1006(c), we stated that the "action can now be transferred by the court below from Philadelphia County to Dauphin County . . . and a multiplicity of suits can be thus avoided." (p. 628).

When the record was returned to the court below, that court entered an order transferring the case to Dauphin County and subjected not only the Authority

---

[1] Chief Justice BELL and Justice ROBERTS each filed dissenting opinions and Justice COHEN took no part in the decision.

[2] The former appeal was argued May 23, 1967, Rule 1006(c) amended the former Rule on June 28, 1967 and Rule 1006(c) became effective September 1, 1967, two and one-half months prior to our decision.

but the City, Lavino and Terminals to the transfer order. From that order, Terminals has now appealed to this Court.[3]

Terminals presents three issues on this appeal: (1) whether the prior decision mandated the transfer of this action to Dauphin County insofar as Terminals is concerned?; (2) if Pa. R. C. P. 1006(e) authorizes the transfer of this action insofar as Terminals is concerned, is not Terminals deprived of due process and would not such transfer order offend both the United States and the Pennsylvania Constitutions?; (3) do the Pennsylvania Rules of Civil Procedure authorize venue in Dauphin County as to Terminals, a Pennsylvania corporation which maintains its principal and only place of business in Philadelphia County, on a cause of action which arose in Philadelphia County and where neither the Authority, the City, Lavino or Terminals was ever served in Dauphin County?

The first issue clearly must be resolved in favor of Terminals. Terminals was not a party to the former appeal and is not and cannot be bound by it. When, in answering the contention that the City could only be sued in Philadelphia County, we pointed out that under the amended Rule 1006(c) the City could be sued in Dauphin County and that the court below *could* now transfer the action insofar as the City and the Authority were concerned to Dauphin County. Whether the action against Lavino and Terminals was transferable was not raised before us and we in nowise considered or contemplated that Lavino and Terminals were encompassed within the letter or the

[3] Not having appealed from that order, the City and Lavino are bound by the transfer order if that order is an appealable order. The order is an appealable order under the instant factual circumstances. Cf. *Caplan v. Keystone Weaving Mills, Inc.*, 431 Pa. 407, 243 A. 2d 372 (1968).

spirit of the suggestion as to transfer made in our decision. The court below, interpreting our previous decision as *mandating* the transfer of the action against Lavino and Terminals, fell into error.

Although the court below was in error in concluding that our previous decision *mandated* that the entire action be transferred to Dauphin County, this does not necessarily mean that the decision to transfer the entire action was incorrect under our Rules of Civil Procedure. There are two provisions in our Procedural Rules which would authorize a transfer of this action to Dauphin County. Rule 1006(e) provides for a transfer where the venue is initially wrongly laid. Rule 1006(d) provides for a transfer, if the venue is properly laid, but a transfer is for the "convenience of parties and witnesses."

But both of these provisions are subject to the same condition precedent, namely, that the transfer must be to a county which is a proper county in which the venue might initially have properly been laid.

We must therefore first see if this action against all four defendants could initially have been brought in Dauphin County.

Here the Storage Companies joined four defendants in an equity action for an injunction. On the face of the record, all four defendants appear to be necessary parties, since an injunction against less than all might give the Storage Companies inadequate relief.

The joinder being apparently proper, the proper forum for the venue of the action is regulated in Rule 1503(a)(1). Venue may be laid in any county where the defendant "*or a principal defendant*" may be served, and all parties not located in that county may be served elsewhere in the Commonwealth by deputized service under Rule 1504(b)(1). This has been our rule since 1859. Since the City, Lavino and Terminals

all could have been served in Philadelphia, that county was *prima facie* a proper county for venue against all four defendants.

The Authority, in the previous appeal, correctly asserted that the general rule just quoted does not apply to it because of the special provision of Rule 1503(c) that the action against it must be brought in Dauphin County.

Accordingly, if the Storage Companies had initially brought the action against all four defendants in Dauphin County, the presence there of the Authority, which is clearly a "principal defendant", would validate the venue against all four defendants and the three Philadelphia defendants could have been personally served by deputization in Philadelphia County under Rule 1504(b)(1). The entire action would be litigated in Dauphin County without splitting the action and creating a multiplicity of suits.

When we held, in the prior appeal, that the venue against the Authority in Philadelphia County was wrong, we noted the possibility of a transfer of the entire action to Dauphin County and we remanded the case to the court below.

A number of alternatives could have followed. Without attempting to list them all, the Storage Companies could have discontinued the entire action and commenced a new action against all four defendants in Dauphin County under Rule 1503(a)(1), serving the three Philadelphia defendants under Rule 1504(b)(1). Or, the Storage Companies could have split the case into two actions, leaving the three Philadelphia defendants in the existing Philadelphia suit and proceeding in Dauphin County against the Authority alone. Or, the court below could have transferred the entire action to Dauphin County.

On remand, the court below elected not to direct a splitting of the action into multiple suits (a result to be avoided wherever possible) but adopted the last of the alternatives listed and transferred the entire action against all four defendants to Dauphin County under Rule 1006(e). Before so doing, the court below properly held that Dauphin County was a county "where all parties will be subject to a common venue".

Terminals first argue that Dauphin County is unavailable for transfer because the action could not have been brought initially in that county. This argument fails in the face of the specific provisions of Rules 1503(a)(1) and 1504(b)(1).

Terminals then argue that there is a "due process" question if they are required to defend the case in Dauphin County. This is not a case where an action is transferable outside a state into another state but merely involves a transfer between county courthouses within the same state. Terminals cites no authority that a defendant has a federal constitutional right to forbid a county court from transferring an action to another county court within a state in connection with intrastate litigation.

In regard to the due process issue, venue has always been considered procedural and has been given a jurisdictional connotation by our Court only in connection with preliminary objections to venue and appeals under the Act of 1925. In *Van Dusen v. Barrack*, 376 U.S. 612, 84 S. Ct. 805, 11 L. ed. 2d 945 (1964), the United States Supreme Court, in discussing change of venue under the Federal statutes made the observation that as far as state law is concerned a change of venue was but a change of courtrooms.

Some of the cases under the Federal venue provisions of §1406(a) have permitted severance of the ac-

tion where the venue was improper as to only one defendant but proper as to the others. See 1 Moore's Fed. Prac., §0.146, p. 1909 and 7A Moore's Fed. Prac., JC-619. However in view of the supervisory power of our Court exercised under King's Bench and after January 1, 1969, exercised under the revised Judiciary Article, there should be no reason why the court in a situation like the present case should not order all the actions tried in Dauphin County. Under the joinder rules (Rule 2232(c)), if the action had been commenced only against the Authority in Dauphin County, the court could have ordered the joinder of additional parties who were essential to the action.

Terminals finally argue that this transfer *cannot* take place under Rule 1006(e) but *must* be made under the *forum non conveniens* provision of Rule 1006(d), and after a full hearing on the question of "convenience of parties and witnesses". Terminals overlook the fact that Rule 1006(d) applies only where the venue is proper, and when the initial court has the option of keeping the entire action itself or transferring it to another court. Rule 1006(d) cannot apply to the case where the venue is wrongly laid; this is separately regulated by Rule 1006(e) which requires no hearing, after the erroneous venue is adjudicated.

Order affirmed. Terminals to pay costs.

Mr. Chief Justice BELL concurs in the result.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

In my dissenting opinion in *United States Cold Storage Corp. v. Philadelphia*, 427 Pa. 624, 235 A. 2d 422 (1967), I stated that in light of the Act of March 31, 1949, P. L. 372, §4, as amended, 71 P.S. §1707.4(b), "Rule 1503(c) does not govern this case and suit can be brought in Philadelphia County." Although I still believe that the reasoning of my dissenting opinion is

correct, were I to pursue it here I would be required to conclude now that venue is *proper* in Philadelphia County, so that a transfer can be achieved only under the forum non conveniens provision of Rule 1006(d), which mandates, as the majority notes, a "full hearing on the question of 'convenience of parties and witnesses.'" However since the decision of the majority in the prior case stands as the law of the Commonwealth on this issue, I concur in the majority's conclusion here that since venue is improper in Philadelphia (as to the General State Authority), the transfer can be accomplished under Rule 1006(e) without a hearing.