## Heckman, Administrator v. Harrison

*Bernard Goldstone,* for plaintiff.
*George Rowley,* for defendant.

ACKER, J., October 6, 1971.—Through a petition for change of venue, this court has for consideration a proposed order transferring this matter to the Court of Common Pleas of Venango County, Pa. The request is pursuant to Pennsylvania Rule of Civil Procedure 1006.

The action is in trespass, consisting of both a wrongful death and survival cause of action. The administrator-plaintiff and defendant are both residents of the Borough of Stoneboro, Mercer County, Pa. The accident, however, occurred on February 14, 1970, in Sandy Creek Township, Venango County, Pa., upon Route No. 8. It is claimed that defendant, Harrison, failed to negotiate a curve, crossed a center line of a four-lane highway and collided on the outside lane with an automobile driven by William Reagle which was proceeding in a southerly direction, which resulted in the death of Mark Randall Heckman.

From a certified copy of the proceedings in Venango County, one learns that an action there has been filed by Elizabeth J. Reagle, Boyd Reagle, Linda Hills and Deborah Sue Heasley, a minor, by Gene Keith, her guardian, and William V. Reagle against the same Donald Duane Harrison. This action was filed by a writ of summons on September 15, 1970, and served on October 13, 1970, but a complaint was not filed until March 1, 1971. As of September 7, 1971, the action has not been tried. Further, it is

agreed by all parties that a jury verdict in either case would not be res judicata to the other.

By written stipulation, the parties have agreed to the following facts for use by the court in its determination.

1. The accident occurred one-half mile south of Franklin in Venango County, Pa.

2. The surviving passengers in the defendant's, Harrison's, car are Jerome Keith Feltenberger, residing at Main Street, Polk, Venango County, Pa.; David R. Woods, Jr., of R. D. 2, Stoneboro, Mercer County, Pa.

3. That the accident was investigated by Corporal Hilton Albert, Trooper William A. Kissell and Trooper Jack Patterson, all attached to the Franklin Barracks of the Pennsylvania State Police. That it is further stipulated that they were assisted in traffic control by Patrolmen Robert E. Heller and Alfred L. Freeman of the Franklin City Police Department.

4. That plaintiff's decedent was taken to Franklin City Hospital where he was pronounced dead by Deputy Coroner Edward Gabrys, of Venango County.

5. That the Harrison vehicle was removed from the scene by employes of McKissick's Garage of Franklin and that the other vehicle, known as the Reagle vehicle, was removed by employes of Smith Towing Service of Franklin.

6. That photographs of the accident scene of the wrecked vehicles were taken by Francis Fry, Jr., of Oil City (Venango County) News Herald.

7. That the following persons were at or near the scene of the accident when it occurred: William Miller, of R. D. 2, Polk; William D. Bieth, Sugar Creek Road, Star Route, Franklin; John C. Daimaso, 1004 Mercer Road, Franklin; Linda Jane Whike, R. D. 1, Harrisville; and Frederick B. Whike, R. D. 1, Harris-

ville; all of whom are residents of Venango County, Pa.

8. That of the above-mentioned witnesses the following persons testified at the involuntary manslaughter trial of Donald Duane Harrison in Venango County: William Reagle; Jerome Keith Feltenberger; Trooper William A. Kissell; Deputy Coroner Edward Gabrys; Frederick B. Whike, and Francis Fry, Jr.

Defendant contends that the action should be transferred to Venango County to prevent double litigation of common questions of law and fact, to not cause unnecessary hardship to defendant, to avoid double expenses and inconvenience as to common witnesses and because the parties to the present action reside approximately equidistant between the Mercer County and Venango County Courthouses but that all of the other litigants and many of the witnesses reside in Venango County.

Plaintiff responds that the actions do not involve identical questions of law and fact on liability, for the defenses of contributory negligence and assumption of risk are available in the Mercer County action but not in the Venango County action. In addition, it is argued questions of damage are completely different in the cases and that the consolidation of the cases in either jurisdiction would result in a complex and confusing trial.

Rule 1006(d) relied upon by defendant states:

"For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought . . ."

Both parties agree and it is, of course, true that this action could have been brought in Venango County as well as Mercer County. Defendant, therefore, contends that it is a simple matter which should be readily resolved in its favor.

Plaintiff responds, however, that it is not simple at all, for the test is really analogous to that of forum non conveniens. Plaintiff claims the real test is whether the balance is strongly in favor of the parties desiring the transfer but that plaintiff's choice of forum should rarely be disturbed.

Therefore, it is of some import to determine what rules should guide this court in deciding whether transfer is proper.

The Supreme Court on June 28, 1967, promulgated amendments and additions to Rule 1006 which substantially enlarge the venue and service provisions in actions against individual defendants and provide in broad terms for change of venue under principles of forum non conveniens.[1] A comparison of the language of Rule 1006(d), above quoted, with the Federal statute concerning this subject draws attention that it is identical with the exception of the insertion of ". . . in the interest of justice" and, of course, the "district court." Therefore, cases decided by Federal courts may be used in interpreting the Pennsylvania rule.

The principle of forum non conveniens is that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. In order for it to be applied, it must be presupposed that at least two forums in which defendant is amenable to process exist.[2] In the case at bar, plaintiff admittedly could sue either in

---

[1] These amendments and additions have been recommended by the Procedural Rules Committee originally in 1946 as noted; "However, twenty-one years later, a new generation at the bench and bar feels differently, and the Supreme Court concurs": Volume XXXIX, Pennsylvania Bar Association Quarterly, No. 1, October, 1967, page 30, 32, Amram and Schulman.

[2] Gulf Oil Corporation v. Gilbert Storage & Transfer Co., 330 U.S. 501, 67 S. Ct. 839 (1947).

the county of the place of the accident, being Venango, or of residence of defendant, being Mercer.

It would appear that the decision of the lower court in such matters is merely a question of the exercise of discretion which is not appealable: Caplan v. Keystone Weaving Mills, Inc., 431 Pa. 407, 246 A. 2d 384 (1968), affirming 60 Berks Co. L. J. 128 (1968).

Nor is this a constitutional "due process" question. Such a change is merely a change of courtrooms: United States Cold Storage Corporation v. Philadelphia et al., 431 Pa. 411, 246 A. 2d 386 (1968).

It would appear that no better source can be turned to than the United States Supreme Court in Gulf Oil Corporation v. Gilbert, supra, where certain guiding principles are set forth for determination of whether a change of venue should be granted, page 508:

"Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

To this may be added that the rule cannot be invoked unless defendant has been validly served and

the court finds that a transfer is more convenient for *both* parties: Nicolosi v. Fittin, 434 Pa. 133, 252 A. 2d 700 (1969).

The concept that the objecting defendant has a strong burden to prove that plaintiff's choice of forum should be disturbed is well reasoned in McCollum, Jr. v. Laubach, 47 D. & C. 2d 155 (Barbieri, J., Philadelphia, (1969) ). This guiding principle was also followed in refusing a transfer in Dibert v. Yurek, 52 Westmoreland 45 (1970).

The only reported lower court decision in which defendant's petition was granted for a transfer of venue appears to be Hoover v. Pennsylvania Power and Light Company, 48 D. & C. 2d 181, 92 Dauph. 120 (1969), Bowman, J.—Dauphin County. An examination of the facts readily brings an understanding of the holding. An equity action had been commenced in Perry County by Pennsylvania Power and Light Company against certain landowners to restrain them from interfering with the construction of a power line over their property. That company sought and obtained a preliminary injunction contingent upon the filing of an injunction bond. The latter is the subject of the case in Dauphin County. A date for preliminary hearing was fixed but was not held. Approximately three years later, the power company after the construction of the project without notice to the landowners discontinued the equity action in Perry County and filed a petition to discharge the surety on the injunction. The landowners opposed the discharge, claiming that the injunction had been improperly given in the first instance. Proceedings on the petition, rule and answer were pending in Perry County at the time of the institution of the action on the same subject in Dauphin County. The only difference was in the form of the action and that the

surety was a defendant in the Dauphin County action and not in Perry County. The court noted that tested by almost any standard, the case should be transferred to Perry County whether it be upon lis pendens or rule 1006(d). It stated, page 184: ". . . not a single reason is advanced for doing so (retaining jurisdiction in Dauphin County) in light of the past history of this protracted controversy and the pendency of the mentioned proceedings in Perry County."

In the case at bar, both of the parties are from Mercer County. Although most of the witnesses, both as to the passengers in the second automobile and the investigating police are from the Franklin-Oil City area of Venango County, they are, however, subject to subpoena being within 100 miles of the Mercer County Courthouse. It is advanced by defendant that if the case was tried in Venango County, a view would be easier because of the short distance the jury would be required to travel. However, in this modern age of transportation, a 45-minute bus trip for a view is of no practical concern. Many views in Mercer County require much longer than that to reach the scene. County lines should have no practical meaning in determining whether a view is, in fact, to be granted.

Finally, this court cannot agree that this case would necessarily be consolidated for trial in Venango County by use of Pa. R. C. P. 213. Although there are, of course, common questions of fact, there are many uncommon questions of law. Finally, although the action in Venango County was commenced by a writ of summons approximately five months prior to the commencement of this action by a complaint in trespass, the complaint in Venango County was not filed until March 1st. Therefore, there may be some doubt as to whether plaintiffs in that action are as anxious to have their matter brought to trial for deter-

mination of their right to money damages as the plaintiff in Mercer County. In that the first party obtaining a valid judgment will have priority as to the available assets, a plaintiff should not be penalized by a change of venue against his will when he may be required to consolidate his case with other plaintiffs who may not be as anxious to bring their litigation to a final termination. Weighing all the factors, we cannot conclude that defendant has met its "strong burden." We feel as a matter of policy that a plaintiff's choice of forum should not be disturbed unless pressing reasons are advanced requiring such actions. Such reasons have not been here advanced.

Wherefore, the prayer of defendant's petition requesting that an order be entered to change the venue of this action and transfer it to the Court of Common Pleas of Venango County is denied.

### ORDER

And now, October 6, 1971, the prayer of defendant's petition to enter an order granting a change of venue in this action and transferring it to the Court of Common Pleas of Venango County, Pa., is denied.