**Krasnov v. Dinan**

■■■■■■■■■■■■■■

*Donald J. Farage, Farage & Schrager* and *Frank & Frank,* for plaintiffs.

*Edward N. Cahn,* for defendants.

WIEAND, J., March 27, 1972.—There is presently before the court a petition filed by plaintiffs under Pennsylvania Rule of Civil Procedure 1006(d) to re-transfer this action to the Court of Common Pleas of Philadelphia County.

The original action had been initiated in Philadelphia County and was transferred to Lehigh County by order of the Philadelphia court on February 5, 1971. The complaint had been filed by George Krasnov and the Merchants National Bank of Allentown,

Administrators, to recover damages for the deaths of Sol Weissman and Beatrice Weissman as a result of an automobile accident occurring on August 30, 1969, in Maxatawny Township, Berks County. Both the individual and corporate administrators were residents of Lehigh County, where decedents had also resided at the time of the accident. Named as defendants in the wrongful death and survival actions were the Most Rev. Joseph McShea, Bishop of the Diocese of Allentown, and Brendan Dinan, the driver, who was alleged to have been the Bishop's agent. Bishop McShea was a resident of Allentown, Lehigh County, but Brendan Dinan resided in Bethlehem, Northampton County. Service of the complaint was made on Dinan while he was temporarily visiting in Philadelphia. Although Dinan questions the propriety of the circumstances under which Philadelphia service was effected, those circumstances are not now before this court. When the Philadelphia action was filed, a separate suit based on the same cause of action was also started by plaintiffs in Lehigh County.

Having been transferred to Lehigh County, this case was listed for trial on three occasions during 1971, but each time the trial was continued. On November 1, 1971, a fourth praecipe for trial was filed by counsel for defendants which placed the case on the trial list for January 1972. On November 30, 1971, without leave of court, plaintiffs discontinued their action against Bishop McShea; and on December 8, 1971, they petitioned this court for a retransfer of the action to Philadelphia County.

Following the commencement of plaintiffs' action in Philadelphia and the service of their complaint, Dinan moved from Pennsylvania and is now a resident of New York. Discovery proceedings, it is alleged, have

disclosed no liability witnesses who reside in either Philadelphia or Lehigh County.

Following the accident, decedents had been removed to the Allentown Hospital, and their medical records are now located in Lehigh County. Plaintiffs represent that they have employed the services of Philadelphia medical experts who would be inconvenienced if they were required to give testimony in Allentown. They have not satisfactorily explained, however, why medical witnesses residing in Allentown would be less inconvenienced by being compelled to travel to Philadelphia for purposes of trial.

Pennsylvania Rule of Civil Procedure 1006(d) provides:

"For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."

Acting pursuant to this provision of forum non conveniens, the Philadelphia court concluded that the litigation should be transferred to Lehigh County, where one of the then named defendants resided and where plaintiffs had, in fact, filed a separate suit. The choice of two courts of equal competence was interlocutory and discretionary with that court: Caplan v. Keystone Weaving Mills, Inc., 431 Pa. 407. It was but a change of courtrooms: U. S. Cold Storage Corporation v. Philadelphia, 431 Pa. 411, 418.

Plaintiffs ask this court to nullify the Philadelphia court's exercise of discretion by refusing to accept the case and by returning it to Philadelphia County. Throughout their brief and oral argument they have suggested that the Philadelphia court was in error. That court, their principal argument asserts, erroneously deprived them of the right to select their own forum.

By this argument, plaintiffs would create the unseemly situation foreseen by the author of the commentary contained in Goodrich-Amram, Standard Pa. Practice, 1972 Supp., at page 134. He there wrote:

"A problem which has arisen under the Federal practice can theoretically arise under this change of venue provision. A defendant sued in County A might successfully move the court to transfer to County B by convincing the judge that County B is more convenient. After transfer, plaintiff might petition the court of the transferee County B, where the action will now be pending just as if originally brought there, to retransfer to County A, on the ground that County A is more convenient. The court in County B may disagree with the decision of his colleague in County A on the question of the balance of convenience and might order the case retransferred to County A, thus creating a stalemate. In the unlikely event that such an unseemly contest should ever develop the Supreme Court could, under its supervisory powers, control the situation. *Except under the most extraordinary circumstances, the Rule should not be used to permit a retransfer to the court of the county in which the action was originally commenced.* A rule of comity must prevail between the courts of sister counties. We have confidence that the good sense of the Bench and Bar will prevail to use this new procedure wisely and efficiently, and that this hypothetical case will never arise." (Italics supplied.)

We do not intend to permit such a situation to arise in this litigation. We do not perceive any extraordinary circumstances that would permit this court to retransfer the action to Philadelphia County. Plaintiffs have not demonstrated in any way that it would be inconvenient for them, or defendants, or the witnesses to attend a trial in Lehigh County. Indeed, the site of

the accident in Berks County is substantially closer to Allentown than to Philadelphia. Moreover, we are not persuaded that a party by employing medical experts with offices in Philadelphia becomes thereby entitled to a transfer of his trespass action to that county. Neither do we perceive any good reason for making the situs of the trial subservient to the desires of some doctors rather than to the convenience of other doctors or witnesses.

Finally, Pa. R. C. P. 1006(d) permits the transfer of an action only to a county where the action could originally have been brought: U. S. Cold Storage Corporation v. Philadelphia, supra, at page 416. We cannot help but observe that but for Dinan's fortuitous presence in Philadelphia at the time when plaintiffs were attempting to effect service of their complaint, the original action could not have been brought in Philadelphia County. In brief, that county's contact with this litigation is nonexistent.

### ORDER

Now, March 27, 1972, it is ordered that plaintiffs' petition to retransfer the above-captioned action to Philadelphia County be and the same is hereby denied, and the rule heretofore issued is discharged.