## Thomas v. J. J. F. Enterprises, Inc.

*Charles Spaziani,* for plaintiffs.

*Morris Efron,* for defendants.

GRIFO, J., December 11, 1972.—This case is before the court on the petition of defendant, Dorney Park Coaster Company, Inc. (hereinafter called "Dorney"), for change of venue.

The case arises out of injuries sustained by plaintiff, Alberta Thomas, while a spectator at an automobile race held at Dorney Park Speedway, Dorneyville, Lehigh County, Pa., on July 6, 1968. Two of the three original defendants reside or maintain their registered office in Easton, Northampton County, Pa.

While conceding that venue is properly laid in Northampton County, Dorney argues that this court should grant its petition for change of venue on the basis of Rule 1006(d) of the Pennsylvania Rules of Civil Procedure. Rule 1006(d) provides, in part:

"For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."

By the language of the above-quoted rule, it is

apparent that such a change of venue, as prayed for in the instant petition, is completely within the sound discretion of the court wherein venue was originally properly laid: United States Cold Storage Corporation v. Philadelphia, 431 Pa. 411, 246 A. 2d 386 (1968); Pavel v. Golob, 51 D. & C. 2d 115 (1971).

In guiding the exercise of its discretion in such a case as this, the court must keep in mind "that since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons": Plum v. Tampax, Inc., 399 Pa. 553, 160 A. 2d 549 (1960); Walker v. Ohio River Company, 416 Pa. 149, 205 A. 2d 43 (1964). What constitutes "weighty reasons" are delineated in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, quoted with approval by the Pennsylvania Supreme Court in Rini v. New York Central Railroad Co., 429 Pa. 235, 240 A. 2d 372 (1968), at page 239: ". . . Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. . . ."

In their brief in support of their petition, Dorney argues first that because plaintiffs are residents of Schuylkill County, there will be no appreciable difference in the distance necessary for them to travel to Lehigh County as opposed to Northampton County. Such an argument misses the point for, even if Lehigh County were more convenient to plaintiffs, their choice of forum should control. Dorney next argues that venue should be changed because defendant,

J. J. F. Enterprises, Inc., is the lessee and operator of the race track located in Lehigh County. What Dorney fails to note is that this defendant maintains its registered office in Easton, Northampton County. Lastly, Dorney argues that because of the likelihood of a jury view, it would be more convenient to have the case tried in Lehigh County, which is closer to the location of the track. Although this might have been a cogent argument prior to the advent of the automobile, it cannot be maintained that, today, a bus ride of less than 30 miles is such an inconvenience as to require a change of venue.

Dorney, in citing no other "weighty reasons" for changing venue in this case, leaves the court no choice but to enter the following

## ORDER OF COURT

And now, to wit, December 11, 1972, petition for a change of venue is denied.