## Slushy, Inc. v. Reliance Insurance Co.

*Patrick E. Dougherty*, for plaintiff.
*Bartel E. Ecker*, for defendant.

PODCASY, *J.*, December 9, 1974—This case is before the court on petition of defendant, Reliance Insurance Company, for change of venue. The litigation herein arises out of damages allegedly sustained by plaintiff, Slushy, Incorporated, due to Hurricane Agnes which ravaged a great area of Wyoming Valley, Luzerne County, Pa., on and after June 23, 1972, and which has been classified as our country's greatest natural disaster.

Defendant's petition for change of venue is based on its contention that since many of the residents of plaintiff's choice of forum, viz., Luzerne County, suffered such great physical and mental damage due to the flood, directly or indirectly, it would be impossible to select a fair, objective and impartial jury from the residents of this county to hear this matter, and, therefore, the case should be transferred to another forum not so affected.

Since the alleged damages to plaintiff occurred in Luzerne County, defendant apparently concedes

that venue is properly laid in this county. However, according to the Act of March 30, 1875, P.L. 35, as amended, 12 P.S. §§111 and 113: "Changes of venue shall be made in any civil cause . . . Fifth. Whenever a large number of the inhabitants of the county, in which cause is pending, have an interest in the question involved therein, adverse to the applicant, and it shall appear to the court that he cannot have a fair and impartial trial . . ." and "III. Whenever it shall be made to appear to the court that a fair and impartial trial cannot be had in the county in which any such cause is depending." Act of March 30, 1875, P.L. 35, secs. 1 and 3.

It is basic law that such a change of venue as prayed for in the instant petition is completely within the sound discretion of the court wherein venue was originally properly laid. See United States Cold Storage Corporation v. Philadelphia, 431 Pa. 411, 246 A. 2d 386 (1968); and Pavel v. Golob, 51 D. & C. 2d 115 (1971).

In guiding the exercise of its discretion in such a case as this, the court must keep in mind "that since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons." Plum v. Tampax, Inc., 399 Pa. 553, 160 A. 2d 549 (1960); and Walker v. Ohio River Company, 416 Pa. 149, 205 A. 2d 43 (1964).

What constitutes "weighty reasons" are delineated in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947), quoted with approval by the Pennsylvania Supreme Court in Rini v. New York Central Railroad Co., 429 Pa. 235, 239, 240 A. 2d 372 (1968).

"Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses;

possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."

Defendant argues that it would be virtually impossible for it to select a fair and impartial jury in Luzerne County because so very many residents of this county were, and are, still affected by the ravages and destruction of Hurricane Agnes, and thus they would not be able to judge the matter impartially, especially in view of the fact that the named defendant is an insurance company.

While we agree with the contention that many residents were so affected, both directly and indirectly, we must also take judicial notice that numerous thousands of Luzerne County's population of some 350,000 have not suffered one iota from the flood. This could very easily be brought out by defendant in questioning prospective jurors on voir dire. We thus conclude that defendant's allegations in this respect are in no sense "weighty reasons" for changing venue in this case. Having arrived at this conclusion, we fail to see any merit in defendant's suggestion that the matter be transferred to Philadelphia County, which, as has been pointed out by plaintiff's counsel, being a metropolitan county has a docket of cases much more crowded than is ours for the expeditious trial of the instant matter.

Reliance Insurance Company, having presented to the court no other cogent or weighty reasons for a change of venue, leaves the court no alternative but to enter the following

## ORDER

The petition for a change of venue is denied.