## Ryan v. Davis

*Paul Leo McSorley*, for plaintiff.
*Charles F. Volz, Jr.*, for defendant.

TAKIFF, *J.*, June 29, 1978—Presently before the court is defendant Irma Davis' preliminary objection to plaintiff's complaint.

This litigation seeks payment from defendant for plumbing services rendered by plaintiff on premises owned by her. It was commenced in Philadelphia Municipal Court under the caption "James B. J. Ryan t/d/b/a Martin J. Ryan & Sons v. Robert Davis and Irma, his wife, and Insurance Company of North America." Upon hearing held March 30, 1978, plaintiff was awarded judgment against Robert and Irma Davis, and the claim against the insurance company was dismissed. On April 28, 1978, Irma Davis filed a notice of appeal of the Municipal Court judgment, along with a praecipe to the prothonotary of the Court of Common Pleas to enter a rule upon plaintiff to file a complaint within 20 days or suffer a judgment of non pros. Plaintiff filed the complaint (to which the instant objection is raised) on May 8, 1978.

Defendant's preliminary objection takes the form of a motion to strike the complaint. Irma Davis asserts that the complaint in Municipal Court was filed against her alone, that she appealed on her own behalf, and therefore that the complaint should be stricken since it is not directed solely at her, but is also directed at her husband, Robert Davis. We find this contention to be without merit.

Plaintiff asserts that the Municipal Court action named, inter alia, Irma *and Robert* Davis as defendants, and reference to the original complaint confirms this as fact. Plaintiff also brings to our attention that both Irma and Robert Davis have appealed the Municipal Court judgment against them. However, these appeals were apparently filed separate from each other—Irma's under docket number 5499X, C. P., April, 1978, and Robert's under (the next succeeding docket number) 5500X,

C. P. April, 1978. Because plaintiff did not expect that such an unorthodox procedure of splitting an appeal would be utilized, he did not observe that he had been served with two *independent* notices of appeal, each requiring a responsive pleading. Hence, plaintiff prepared and filed only the instant complaint, directed against both Mr. and Mrs. Davis, under docket number 5499X. Due to plaintiff's failure to file a complaint under docket number 5500X, Robert Davis filed a praecipe for a judgment of non pros on May 23, 1978. No proceeding to open or strike that proceeding is before us.

We initially note that we can find no support in the rules or case law justifying the action of defendants in splitting into two separate actions an appeal from a Municipal Court judgment rendered against defendants jointly. The rule of procedure governing appeals from a final judgment of the Municipal Court addresses itself only to "an" appeal, not split ones: Philadelphia Court Rule 310, Star Rule *30. Further, on the level of rationality, it would be contrary to the policies of the fostering of judicial economy and the prevention of inconsistent results to permit self-split appeals of the type presently attempted. Cf. United States Cold Storage Corp. v. Philadelphia, 431 Pa. 411, 246 A. 2d 386 (1968).

However, this procedural anomaly is peripheral to the one directly presented by the instant objection. An appeal from a judgment of the Municipal Court results in a proceeding de novo in the Court of Common Pleas: Judicial Code of July 9, 1976, P.L. 586, sec. 1123(a)(4), 42 Pa.C.S.A. §1123; in accordance with all of the Rules of Civil Procedure applicable to the action as if it had been initially

commenced in the higher court: Philadelphia Court Rule 310E, Star Rule *30(e). Hence, even if we were to assume, for purposes of argument, that the present appeal was properly brought, plaintiff had the ability to join as a defendant in the instant complaint any party he wished to, as long as such joinder is permissible under the Rules of Civil Procedure.[1] Clearly the joinder as a defendant of a putatively jointly liable party such as Robert Davis is permissible, if not mandated, under the rules. See Pa.R.C.P. 2227, 2229.

Wherefore, we hereby enter the following

## ORDER

And now, June 29, 1978, upon consideration of defendant Irma Davis' preliminary objection to plaintiff's complaint, and plaintiff's answer thereto, it is hereby ordered and decreed that said preliminary objection is overruled, and further that defendants are given leave to file an answer to the complaint within 20 days of the date of this order.

---

1. This holding is consistent with the explicit rule concerning the similar situation of an appeal to the Court of Common Pleas from the judgment in a civil matter of a district justice of the peace:

"Rule 1007. Procedure on Appeal.

"A. The proceeding on appeal shall be conducted de novo in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the court of common pleas.

"B. *The action upon appeal shall not be limited with respect to* amount in controversy, *joinder of* causes of action or *parties*, counter-claims, added or changed averments or otherwise because of the particulars of the action before the justice of the peace." (Emphasis supplied.) Pa.R.C.P.J.P. 1007.