## Alden v. Phoenixville Borough

*James J. Hefferman*, for plaintiff.
*William J. Brennan*, for defendant.

STIVELY, *J.*, April 30, 1980—The above captioned matter comes before the court on defendant Upper Providence Township's preliminary objections to plaintiff's complaint. Said objections are in the nature of a motion to strike, a demurrer and a motion for more specific pleading. On the basis of our disposition of the motion to strike, as set out more fully below, we refrain from ruling on the other objections.

Plaintiff's complaint is one in equity seeking specific performance by defendants of two agreements (attached to the complaint as exhibits "B" and "C") involving water treatment and water distribution services between the Phoenixville facilities and Upper Providence Township. Plaintiff is allegedly the owner of a parcel of land in Upper Providence which parcel would be within the area serviced pursuant to the agreements. Under those agreements, defendant Phoenixville was to cooperate in the construction of a 16 inch line, expand and modernize its water treatment and water distribution plant, and subsequently provide water and treatment services through those lines to Upper Providence Township. Plaintiff, in paragraph six of his complaint, alleges that . . . "defendant Borough of Phoenixville complied with all its obligations under said agreement of April 14, 1970 (Exhibit "B") including the completion of the expansion and modernization of the Borough water treatment plant, including the expansion of the same sufficient to accommodate the sale and delivering to Upper Providence Township . . . of up to two million gallons of water per day." Plaintiff alleges that defendants entered into a new agreement on March 6, 1979. Paragraph seven states that "Upper Providence Township never complied with the April 14, 1970 agreement . . ." and paragraph 13 alleges that Upper Providence Township has anticipatorily breached the March 6, 1979 agreement. There are no allegations of breach on behalf of defendant Borough of Phoenixville either in reference to the first agreement or the second agreement.

Defendant Upper Providence Township's motion to strike is based on Pa.R.C.P. 2103(b) which pro-

vides that: "Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located."

Defendant Upper Providence asserts that it is the primary defendant, Borough of Phoenixville is an unnecessary party and, as such, the suit must be brought in the county in which it is located, i.e., Montgomery County. Plaintiff's primary arguments in response to this contention are that his prayer for relief seeks specific performance from both defendants, the proposed water and sewage line is to be attached to a bridge between the counties (thereby falling within the venue exception set forth in the Act of April 24, 1929, P.L. 655, 16 P.S. § 12803, 12804), and lastly, that a default judgment has been taken against defendant Borough of Phoenixville thereby rendering the allegations in reference to venue as admitted.

Plaintiff's third argument is patently without merit as the issue of venue is a question of law, no relevant facts in support thereof are set forth in the complaint against Borough of Phoenixville and for purposes of deciding venue, the default judgment is of no moment. The second argument is likewise lacking in merit as the Act of April 24, 1929, P.L. 655, sec. 1, 16 P.S. § 12803,[1] deals with ". . . contracts for the erection and construction of a bridge . . ." and we fail to see how the use of an already constructed bridge for sewer lines falls within the

1. We note that this act has been affected by the Act of April 28, 1978, P.L. 202, sec. 1, 42 P.S. § 20002(a)(24), but that said repealer does not take effect until June 27, 1980 pursuant to the above cited provision and section 20004(b) of the same act.

purview of this act. Plaintiff's first contention. based on the relief sought in the prayer of the complaint is not controlling in giving this court venue, as a prayer for relief in no way sets forth allegations on which venue can be established.

There are a few arguments that have not been presented but which we feel are significant enough to mention and briefly discuss as we do recognize the possible quandary in which plaintiffs may find themselves in such cases as the one at bar. Pa.R.C.P. 1006(c) provides that:

"An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b)."

Subdivision (b) of that rule does make reference to Pa.R.C.P. 2103. The apparent conflict in these two rules was discussed by one of our sister courts of common pleas in Ward v. Tinicum Township, 2 D. & C. 3d 790, 795 (Phila. 1977), wherein the court cited United States Cold Storage Corporation v. Philadelphia, 427 Pa. 624, 235 A. 2d 422 (1967), aff'd 431 Pa. 411, 246 A. 2d 386 (1968), in stating that: "The Supreme Court rejected [the] argument [of exclusive venue], ruling specifically that Rule 1006 (c) permits a political subdivision to be sued out of its home county in actions involving multiple defendants. . . ."

Being mindful of the problems of multiple litigation and the issue of venue as discussed in the above cited cases, we are still unable to find that venue properly lies in this county.

Although Rule 1006 deals with actions in assumpsit, we must of necessity and through Pa.R.C.P. 1503 make reference thereto as the equity rules on venue and Rule 2103 do not directly cover the situation at bar. See United States Cold Storage Corporation v. Philadelphia, supra, wherein Rule 1006 is applied in an equity action. But we do note that Pa.R.C.P. 1503(a)(1), although not discussing political subdivisions, provides that an equity action may be brought only in a county in which "the defendant or a principal defendant may be served. . . ." We interpret this provision to mean that under the equity rules, where there are multiple defendants, venue is properly laid only in the county where a principal defendant can be served.

Upon a thorough review of the record, specifically those pleadings of the plaintiff, we fail to find any allegations, averments or facts which would even give rise to a cause of action against the Borough of Phoenixville at this time, let alone support any contention that it is the principal defendant (although there is a default judgment against that defendant; we make no ruling on that judgment as the matter is not now before the court).[2]

---

2. We note that plaintiff's default judgment against defendant Borough of Phoenixville was entered on January 21, 1980. The amendment to Pa.R.C.P. 237.1 requiring notice of default judgment and the filing of that notice with the praecipe became effective on February 1, 1980 with the new rule being published in the Pennsylvania Bulletin, 10 Pa. Bull. 9 (1980), and other Pennsylvania legal publications on or about January 5, 1980. Prior to the amendment, the Superior Court had recommended notice of default judgment as was already required by local rule in a number of counties. See Brooks v. Surman Dental Lab, Inc., 262 Pa. Superior Ct. 369, 396 A. 2d 799 (1979); Silverman v. Polis, 230 Pa. Superior Ct. 366, 326 A. 2d 452 (1974). Plaintiff's praecipe for default judgment contained

Our resolution of the venue issue must be based on facts as alleged in plaintiff's complaint. No breach or anticipatory breach on the part of the Borough of Phoenixville is alleged by plaintiff, but rather, quite to the contrary, plaintiff sets forth that the borough has performed all of the duties which it could possibly have completed up to the present. The principal defendant is therefore obviously Upper Providence Township.

As discussed above, we conclusively find that Upper Providence Township is the principal defendant in the case at bar and, as such, under the equity rules, venue would be more proper in Montgomery County. An examination and analysis of the above cited rules and relevant cases leads us to the conclusion that venue is not proper in Chester County.

Neither Rule 1503 nor 2103 offer any guidance as to the procedure to be followed when the court finds venue to be improper. We therefore look to Pa.R.C.P. 1006(e) which provides that:

"If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of the county. The costs and fees for transfer and removal of the record shall be paid by the plaintiff."

This case presents a situation which leaves both the court and the parties, particularly defendant Borough of Phoenixville, in a quandary. As noted

---

no affidavit setting forth such notice and while it was not then required, we believe that if plaintiff had desired to utilize the fact of such judgment to establish venue, it would have been advisable to follow that practice recommended by the Superior Court, which practice is now the law.

74

above, a default judgment has been entered in Chester County against that defendant and we must choose between transferring the entire case with default judgment to a different county (resulting in possible prejudice to that defendant) and severing an equity cause of action between two counties which may result in an unmanageable situation in the future if and when a decree is issued. We choose the more logical path of transferring the entire case as we find that, in the long run, more prejudice would result to the parties if two different courts were to exercise jurisdiction over different defendants in equity where the case involves the same set of facts.

Based on the foregoing we enter the following

### ORDER

And now, April 30, 1980, the Prothonotary of the Chester County Court of Common Pleas is therefore directed to transfer this matter to the Montgomery County Court of Common Pleas and plaintiff is ordered to pay the costs and fees for the transfer and removal of the record.