## Truck Trailer Leasing Company v. Sentle Trucking Corporation

*Harlan S. Stone,* for plaintiffs.
*John L. McIntyre,* for defendants.
*Thomas A. Matis,* for township.

WETTICK, *J.*, May 23, 1980—This trespass action instituted in the Common Pleas Court of Allegheny County arises out of an accident in Chippewa Township, Beaver County, involving a vehicle owned by plaintiff and a vehicle owned by the corporate defendant and operated by the individual defendant. Defendants filed a complaint to join the operator of plaintiff's vehicle and the township in which the accident occurred as third party defendants. Their claim against the township is based upon allegations that the accident was caused by a township police officer's negligent direction of traffic.

The township has filed preliminary objections in which it contends that there is no venue as to the township in Allegheny County and that the township is immune from liability under the Political Subdivision Tort Claims Act of November 26, 1978, P.L. 1399, 53 P.S. §5311.101 et seq.[1] Initially, we consider the township's preliminary objections raising a question of venue. If venue is governed by the Pennsylvania Rules of Civil Procedure, these preliminary objections are without merit. While the Rules of Civil Procedure permit an action against a political subdivision to be brought only in the county in which the subdivision is located, Pa.R.C.P. 1006(b) and 2103(b), where the venue of the action by plaintiff against any defendant is properly laid, the subdivision may be joined as an additional defendant outside the county in which

---

1. The township has withdrawn its preliminary objections complaining of its joinder more than 60 days after service of plaintiff's initial pleadings on the original defendants without obtaining leave of court as required by Pa.R.C.P. 2253.

it is located: Pa.R.C.P. 2254(a); 8 Goodrich-Amram 2d §2254(a):(1). See also Pa.R.C.P. 1006(c).

However, the Rules of Civil Procedure govern only to the extent that they are not inconsistent with the provisions of the Political Subdivision Tort Claims Act. See section 801 of this act which provides that: "The laws of the Commonwealth and the rules of civil procedure as promulgated and adopted by the Supreme Court of Pennsylvania insofar as applicable and not inconsistent herewith shall apply to and govern actions under this act." The township believes that the venue provisions of the rules permitting a political subdivision to be sued outside the county in which it is located, if there is venue against any other defendant, are inconsistent with section 502 of the Political Subdivision Tort Claims Act which reads as follows:

"Venue shall lie in the judicial district in which the cause of action accrued or where the political subdivision is located, except where such political subdivision is located in more than one judicial district, the action shall be brought in the judicial district where the cause of action accrued or in the judicial district in which the principal office or place of business of such political subdivision is located."

Defendants contend that by stating that "venue shall lie" in the county in which the cause of action accrued or where the political subdivision is located without also stating that the action may be commenced only in such judicial district, section 502 is permissive and not restrictive and, therefore, operates only to expand the venue provisions of Pa.R.C.P. 2103(b). This reading of section 502 as

permissible and not restrictive ignores the provision of section 502 dealing with political subdivisions located in more than one judicial district which provides that the action "shall be brought . . . in the judicial district in which the principal office or place of business of such political subdivision is located." This provision has meaning only if section 502 is restrictive. Furthermore, a reading of section 502 as restrictive is consistent with the legislative scheme of this act in which the legislature through Chapter 5 of this act appears to have adopted a comprehensive procedure for prosecuting claims under the act.

Even if section 502 is restrictive, defendants argue that it does not bar the joinder of a political subdivision as an additional defendant where venue between the original parties to the law suit is already laid.[2] This reading of section 502 would defeat the obvious legislative intent of preventing a political subdivision from being forced to defend a local action outside the county in which it is situated. The Political Subdivision Tort Claims Act is remedial legislation designed to provide protections from tort liability to political subdivisions. The protections are procedural as well as substantive. See, for example, section 503 which bars any claim against a political subdivision that has not been filed in accordance with the procedures of this act, and section 504 which imposes stringent notice requirements as a condition for maintaining an ac-

---

2. Because both plaintiff and the corporate defendant have places of business within Allegheny County, venue is properly laid between plaintiff and the original defendants. See Pa.R.C.P. 2179(a)(1), 1006(c).

tion against a political subdivision. Section 502's purpose is to permit employes and officers of a political subdivision to remain at home and discharge their official duties instead of being called all over the state to defend actions. An additional purpose may be to provide a political subdivision with the possible advantages which may arise from defending a claim before persons who are likely to be familiar with the political division and its residents. These protections are equally important where the political subdivision is the only defendant, one of several defendants or an additional defendant. Thus, to limit the protections of section 502 to actions in which the political subdivision is the only defendant and to recognize the exceptions of the Pennsylvania Rules of Civil Procedure which permit an out-of-county action against a political subdivision if venue is properly laid against any other defendant would defeat the legislative purpose without promoting any policies that the legislature has traditionally recognized.

Defendants rely on Ward v. Tinicum Township, 2 D. & C. 3d 790 (1977), which allowed a political subdivision to be sued in a judicial district in which it was not located because venue was properly laid against another defendant. Through Pa.R.C.P. 1006(c) and 2254(a), the Rules of Civil Procedure have created exceptions to Pa.R.C.P. 2103(b) in order to promote the judicial policies of protecting the venue choice of a plaintiff and of encouraging third party joinders to dispose of all issues arising out of the same transaction in the same litigation. However, since the legislature stated in section 801 of the Political Subdivision Tort Claims Act that it did not intend to defer to conflicting judicial policies expressed in the Rules of Civil Procedure,

and in section 502 that the political subdivision should not be forced to defend a local action outside the county in which it is located, venue against Chippewa Township lies only in Beaver County.

Pa.R.C.P. 1006(e) provides that if preliminary objections to venue are sustained and there is a county of proper venue within the state, the action shall be transferred to the appropriate court of that county. This rule was obviously designed to benefit a plaintiff who mistakenly brought an action in a county in which there was no venue. To extend Pa.R.C.P. 1006(e) to cover the present case will deny a plaintiff who has chosen a county in which venue lies the right to bring his or her action in this county. But to not extend the rule will defeat the policies of Pa.R.C.P. 2252 et seq. of resolving all issues in one action. Because the right to select venue is not absolute—see Pa.R.C.P. 1006(d)—we resolve the conflict between the rules in favor of the policies behind third party joinder in this case in which joinder can be effected by a transfer to an adjoining county where plaintiff can easily prosecute its action. See, generally, United States Cold Storage Corporation v. Philadelphia, 431 Pa. 411, 246 A. 2d 386 (1968).

Because this action shall be transferred to Beaver County and because the township's remaining preliminary objection goes to the merits of the claim, this court shall reserve for the Beaver County Common Pleas Court defendants' remaining preliminary objection.

## ORDER

On this May 23, 1980, it is hereby ordered that (1) the preliminary objections of Chippewa Township raising a question of venue are sustained,

(2) this action is transferred to the Common Pleas Court of Beaver County, and (3) the remaining preliminary objection of Chippewa Township in the nature of a demurrer is reserved for the Beaver County Common Pleas Court.