Walker, Appellant, *v.* Ohio River Company.
Wilson, Appellant, *v.* Ohio River Company.

Argued October 9, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

reargument refused December 16, 1964.

*Harry Alan Sherman,* with him *S. Eldridge Sampliner,* for appellants.

*Harold R. Schmidt,* with him *Anthony J. Polito,* and *Rose, Houston, Cooper and Schmidt,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, November 10, 1964:

We have here two separate appeals in two separate suits involving the same issue.

The two plaintiffs, Evelyn Walker and Lyndell Wilson, were both employees (seawomen) of the defendant company, each claiming that she sustained personal injuries while performing services in behalf of the defendant on a vessel owned by the defendant; their injuries having been caused by the defendant's negligence and unseaworthiness of the vessel involved.

Their separate complaints alleged a cause of action in trespass both under the Act of Congress known as the Merchant Marine Act (Title 46 U.S.C., Ch. 18, §688) allowing an action for damages at law for per-

sonal injuries and under the "Doctrine of Seaworthiness". Each complaint also alleged in a second count a claim under the maritime type of employment contract requiring the defendant to pay the plaintiffs' maintenance and cure for the past and into the future.

The plaintiff Lyndell Wilson in her complaint alleged she was injured on September 16, 1961, while an employee on a merchant marine vessel (M/V Bob Benter) plying the Ohio, moving upriver toward Pittsburgh, when the vessel was so negligently navigated that it jolted and jerked, causing her to slip, stumble and fall backwards while carrying a container of potatoes from the storeroom in the galley to the main deck via a flight of stairs, in pursuance of peremptory orders.

The plaintiff Evelyn Walker averred that she was injured as an employee on the defendant towboat, the "Robert P. Tibolt", as the vessel moved upboard on the Ohio from Cincinnati, the vessel suddenly lurching, impelling her to lose balance as she was lifting a 60-pound mattress, an operation usually performed by a man.

The defendant, the Ohio River Company, filed, in each action, preliminary objections, including, inter alia, a motion to dismiss, under the doctrine of forum non conveniens, which the court below granted. The plaintiffs appealed. In dismissing the Walker lawsuit the court pointed out that the plaintiff resides in Manchester, Ohio, some 70 miles from Cincinnati where the defendant has a place of business, that most of the shipboard witnesses are residents of Ohio, and that the plaintiff was hospitalized in Ohio although now obtaining further treatment in Pittsburgh. It then said that: "In view of the fact that service of process on this defendant can be had in a state court much nearer the plaintiff's own residence, which for that reason is patently more convenient for her and more ap-

propriate for the trial of her cause, it is our opinion that this Court should refuse to exercise its jurisdiction in this matter."

In dismissing the Wilson complaint, the court stated: "In the case at bar the defendant has averred and the plaintiff has admitted, that the defendant is amenable to the service of process in Huntington, West Virginia, the city in which the plaintiff resides. Although the plaintiff denies that all of the crew members mentioned by defendant will actually be called to testify and that they would be more readily available in Huntington, West Virginia, that city's geographical position appears to support the defendant's contention in this respect. In addition, the very fact that plaintiff herself resides in Huntington, West Virginia, indicates that the trial would in fact be less onerous for her in her own community."

In dismissing the actions the court in effect ordered Lyndell Wilson to file her lawsuit in Huntington, West Virginia, and Evelyn Walker to prosecute her litigation in Cincinnati, Ohio, supposedly for their own convenience, even though contrary to the desires and wishes of the plaintiffs. Since the Court of Common Pleas of Allegheny County concededly has jurisdiction of the subject matter and of the parties, and valid service has been made upon the defendant company within its jurisdiction, the plaintiffs cannot, without compelling reason, be ousted of their admitted right to bring their actions under the Merchant Marine Act and for maintenance and cure in a state court and/or in a federal court where the defendant can be effectively brought within the court's jurisdiction. This Court clearly stated in *Plum v. Tampax, Inc.,* 399 Pa. 553, that ". . . since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons."

We do not find in the record any "weighty reasons" which will support the dismissals of the plaintiffs' actions in the court below. The Court has dwelt on the inconvenience which the plaintiffs would have to undergo if their cases were tried in Allegheny County, but such solicitude is irrelevant since the plaintiffs themselves voluntarily chose this forum. As for inconvenience to the defendant, the neighboring states of West Virginia and Ohio are not so distant that transportation of witnesses to Pittsburgh would create exorbitant expense or great loss of time. With regard to compulsory process for attendance of witnesses, it is to be noted that some of the witnesses, presumably to be called by the defendant, reside in states other than Ohio or West Virginia, which demonstrates the impracticability, in fact, impossibility, of permitting residence of witnesses to govern the forum in the instant cases.

The defendant and the court below place great stress on our decisions in *Plum v. Tampax, Inc.*, 399 Pa. 553, and 402 Pa. 616. We held in 402 Pa. that there was no abuse of discretion by the court below in refusing to take jurisdiction. The court below had exercised its discretion in accordance with our previous decision at 399 Pa. 553, wherein we made it clear that a Pennsylvania court there would be a "most inappropriate forum," and that therefore it should not take jurisdiction. The inapplicability of *Plum v. Tampax, Inc.*, is evident from the following in 399 Pa. at 558, 562-563.

1. "It is well-settled that Pennsylvania courts will not take jurisdiction for the purpose of regulating or interfering with the internal management or affairs of a foreign corporation." In the cases before us there is no such element present.

2. ". . . We find that the parties are nonresidents, and that the defendant corporation is not registered to do business in this state (nor is it alleged that

any offices are being maintained within our borders)." Here the defendant is a corporation doing business in Pittsburgh, Allegheny County, Pennsylvania, where it maintains a principal office and place of business.

3. "The contract upon which this action is predicated was entered into in Copenhagen, Denmark, and is to be performed mostly in the Scandinavian countries and partly in New York State. Aside from the serious conflict of laws problems which will arise in determining which law applies, we have the problem of the validity of the stipulation in the contract itself that disagreements over its provisions should be settled in accordance with the laws of Denmark, and in the courts of Denmark." In the present cases the applicable law is clear and can be just as readily applied in Allegheny County as anywhere else.

4. "The sole connection the case has with Pennsylvania is the fact that a debtor of the defendant could be served herein, thus making a foreign attachment possible." In the instant cases the court has acquired jurisdiction because the defendant itself was served within its jurisdiction.

5. "The witnesses which defendant would be required to have testify in this case are either in New York City, Denmark or other European countries; we can anticipate that it would be costly and inconvenient to have them appear in Pennsylvania. Similar inconveniences may arise if the books and records which apparently form a substantial part of the proposed evidence must be brought here from New York City." Here there is no such great inconvenience.

6. "Finally, the plaintiff would have us extend our processes and equity power beyond our borders, on the strength of assets reached only by the writ of foreign attachment, to compel an examination of books and records and other relevant documents in New York City and assuming judgment in the plaintiff's favor,

to render a decree giving plaintiff a 25% share of the Norway agency." In the instant cases, the Allegheny County court's action could by no stretch of the imagination have such far-reaching effect since it would concern itself only with the plaintiffs' right to recover for personal injuries from a defendant doing business and which has a principal office within the jurisdiction of the court.

It must be obvious, therefore, why this Court held in *Plum v. Tampax* that the court below had not abused its discretion in refusing jurisdiction, and why we must hold in the cases at bar that the court did abuse its discretion.

The orders of the court below are reversed and the complaints ordered reinstated.