**Adrian G. MASON, Libelant-Appellee,**
**v.**
**The OHIO RIVER COMPANY,**
**Respondent-Appellant.**

**Evelyn WALKER, Libelant-Appellee,**
**v.**
**The OHIO RIVER COMPANY,**
**Respondent-Appellant.**
**Nos. 16794, 16795.**

United States Court of Appeals
Sixth Circuit.
Feb. 20, 1967.

---

Harold R. Schmidt, Pittsburgh, Pa. (Santen & Santen, William E. Santen, Cincinnati, Ohio, Rose, Schmidt & Dixon, Anthony J. Polito, Pittsburgh, Pa., on the brief), for appellant.

Walter Bortz, Cincinnati, Ohio, Harry Alan Sherman, Pittsburgh, Pa., S. Eldridge Sampliner, Cleveland, Ohio, Walter C. Beall, Hoover, Beall & Eichel, Cincinnati, Ohio, for appellees.

Before CELEBREZZE and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

The United States District Court for the Southern District of Ohio dismissed two suits in admiralty on the motions of Evelyn Walker and Adrian Mason, libelants-appellees, hereafter called plaintiffs, who had filed the complaints. The Ohio River Company, respondent-appellant, moved to vacate the orders of dismissal; and the district court denied such motions to vacate. From the denial of such orders, The Ohio River Company appeals on the ground that the dismissal of the actions against it affects certain substantial rights to which it is entitled, namely: the right to have the district court adjudicate the cases rather than to have some other court adjudicate them.

The background of the controversy is as follows: The plaintiffs first filed their admiralty suits in a state Court of Common Pleas in Pennsylvania. The Ohio River Company, the respondent, filed a motion to dismiss them in the state court on the ground that the cases should be properly tried in a federal court under the doctrine of *forum non conveniens.* The judge of the Court of Common Pleas granted the motion of The Ohio River Company, and dismissed the cases. The plaintiffs appealed from the orders of dismissal to the Supreme Court of Pennsylvania. However, in the meantime, in order to safeguard their rights, in case the Supreme Court of Pennsylvania affirmed the orders of dismissal, the plaintiffs filed the same suits in the United States District Court for the Western District of Pennsylvania. Thereafter, The Ohio River Company moved for a change of venue and asked the District Court for the Western District of Pennsylvania to transfer the cases to the District Court for the Southern District of Ohio, Western. Division, for the convenience of the parties and witnesses, and in the interest of justice. The motion was granted and on November 6, 1964, the cases were transferred to the United States District Court sitting at Cincinnati, Ohio.

On November 10, 1964, the Supreme Court of Pennsylvania reversed the order of the Court of Common Pleas of that State, dismissing plaintiffs' suits, and ordered the complaints reinstated in the state court.

On November 16, 1964, after the cases had been transferred from the federal court in Pennsylvania to the federal court in Ohio, the attorneys for the parties plaintiff filed a motion in the United States District Court for the Southern District of Ohio for leave to discontinue the actions, without prejudice, pursuant to Rule 41(a) (2) of the Federal Rules of Civil Procedure, and on the same day the district court entered an order granting such motion. The motion was made and the order was granted without notice to respondent. Thereafter, on December 28, 1964, the respondent moved to vacate the order of dismissal by the district court on the ground that it was prejudiced by lack of notice and opportunity to be heard on the merits of the motion.

Subsequently, on March 26, 1965, the United States District Court for the Southern District of Ohio, after consideration of respondent's motion to vacate the orders of dismissal, held that the plaintiffs were entitled to dismiss their suits as a matter of right and, accordingly, denied respondent's motion to vacate the orders of dismissal. In his opinion accompanying the order denying the motion to vacate, Judge Peck, after outlining the facts heretofore stated, observed that there could be no doubt that plaintiffs had stated an incorrect legal basis in support of their motion to discontinue the actions, when it relied upon Rule 41(a) (2) of the Federal Rules of Civil Procedure, since, according to Rule 81(a) (1), such rules "do not apply to proceedings in admiralty." However, Judge Peck went on to say that it did not necessarily follow that the court must vacate its prior orders of dismissal which did not, by their terms, rely on the Rule, and stated:

"In admiralty proceedings, if ' * * * the cause has not reached a point at which the court may decide the case on the merits, and no rights have accrued to the parties proceeded against by reason of the litigation, libelants have the *right* to discontinue voluntarily admiralty proceedings. * * *'. Accordingly, libelant has the

*right* to a dismissal of his libel which has proceeded no further than the filing of pleadings and where no orders affecting rights have been made, and it is held that libelant may voluntarily discontinue his libel at any time before trial.' (Emphasis supplied and citations omitted). 2 C.J.S. Admiralty, Section 90(a). See: 2 Am.Jur.2d Admiralty, Section 199.

"The record indicates that this action has barely passed the pleading stage and that discovery is still in the primary stages. Thus the Court is hardly in the position of being able to render a decision on the merits, and it does not appear that any rights have accrued to respondent as a result of this litigation.

"Since libelant may dismiss as a matter of right, respondent cannot claim that it was prejudiced by any lack of notice or opportunity to be heard."

After Judge Peck's denial of respondent's motion to vacate, respondent filed a motion for reconsideration on the ground that the plaintiffs could discontinue, without prejudice, as a matter of right only where a case had proceeded no further than the filing of pleadings and where no substantial rights had accrued to the other party, prior to the dismissal. Respondent submitted that the Common Pleas Court of Pennsylvania had adjudicated that it would be more convenient to the parties and witnesses to try the case in the United States District Court, and would enhance and promote the interest of justice; that this was a substantial right which had accrued to the respondent prior to the dismissal of the cases; that plaintiffs had already commenced their actions in the Court of Common Pleas of Allegheny County, Pennsylvania; that the dismissals in the United States District Court in Ohio would force respondent to defend the cases in a jurisdiction or district which was not convenient to the parties and witnesses and under the circumstances which would not enhance the interest of justice, and that, therefore, the United States District Court for the

Southern District of Ohio should reconsider its order denying respondent's motion to vacate the orders of dismissal.

In passing upon respondent's motion for reconsideration, Judge Peck observed again that the case had not progressed beyond the pleading stage, and respondent had acquired no substantial rights from the transfer of the cause to the United States District Court for the Southern District of Ohio, which would preclude plaintiffs from exercising their right to dismiss; that respondent was no longer faced with the defense of the suits in the federal courts; and that the fact that a suit had been commenced, or was pending, in a state court having jurisdiction concurrent with the federal court, could not, in this case, be a controlling concern in denying the right of dismissal, since the plaintiffs had a right to maintain a cause of action in any court having jurisdiction thereof and, accordingly, Judge Peck denied the respondent's motion for reconsideration.

A crucial fact in this case is that the Court of Common Pleas of Allegheny County, Pennsylvania, in dismissing plaintiffs' suits, in effect, ordered them to file their suits in the federal courts, "supposedly for their own convenience, even though contrary to the desires and wishes of the plaintiffs," according to the opinion of Mr. Justice Musmanno, speaking for the Supreme Court of Pennsylvania, Walker v. Ohio River Co., 416 Pa. 149, 205 A.2d 43, in passing on plaintiffs' appeals from the Court of Common Pleas.

As Justice Musmanno said:

"Since the Court of Common Pleas of Allegheny County concededly has jurisdiction of the subject matter and of the parties, and valid service has been made upon the defendant company within its jurisdiction, the plaintiffs cannot, without compelling reason, be ousted of their admitted right to bring their actions under the Merchant Marine Act and for maintenance and cure in a state court and/or in a federal court where the defendant can be effectively brought within the court's jurisdiction. This Court clearly stated in Plum v. Tampax, Inc., 399 Pa. 553, 160 A.2d 549, that ' * * * since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons.'

"We do not find in the record any 'weighty reasons' which will support the dismissals of the plaintiffs' actions in the court below. The Court has dwelt on the inconvenience which the plaintiffs would have to undergo if their cases were tried in Allegheny County, but such solicitude is irrelevant since the plaintiffs themselves voluntarily chose this forum. As for inconvenience to the defendant, the neighboring states of West Virginia and Ohio are not so distant that transportation of witnesses to Pittsburgh would create exorbitant expense or great loss of time. With regard to compulsory process for attendance of witnesses, it is to be noted that some of the witnesses, presumably to be called by the defendant, reside in states other than Ohio or West Virginia, which demonstrates the impracticability, in fact, impossibility, of permitting residence of witnesses to govern the forum in the instant cases."

According, then, to the Supreme Court of Pennsylvania, the plaintiffs were entitled to have their suits tried in the Court of Common Pleas of Allegheny County where the actions were commenced. If they had not filed suits in the United States District Court in Pennsylvania, to protect their rights pending appeals from the dismissal of their cases by the Court of Common Pleas, to the Supreme Court of Pennsylvania, they would be just where the Supreme Court of that State placed them in its judgment of reversal, reinstating their complaints in the Court of Common Pleas, and from that judgment on appeal, there appear no weighty reasons why plaintiffs' cases should be dismissed in the state court of Pennsylvania. No rights had accrued to the respondent prior to the discontinuance of the cases in the fed-

eral court in Ohio. We find ourselves in agreement with the opinions and orders of Judge Peck.

In accordance with the foregoing, the order of the district court denying respondent's motion to reconsider is affirmed.