## Kuehn v. National Freight, Inc.

150

*Thomas Rutter*, for plaintiff.
*Gary Gittleman*, for National Freight & Leroy Weiner.
*William A. Slotter*, for defendant Namoski.

LORD, *J.*, September 24, 1982 — This matter involves a petition by additional defendant Michael Arthur Namoski (Namoski), claimed to be a Commonwealth party, based on 42 Pa.C.S.A. §8523(a), (§8523(a)) which defines where venue is proper on actions for claims against a Commonwealth party. Both plaintiff and original defendants contend that the petition should be denied because Pa.R.C.P. 2254(a) (Rule 2254(a)) controls venue over additional defendants. This court agrees with the contention of plaintiff and original defendants and accordingly the petition is denied.

In December of 1980, plaintiff John J. Kuehn (Kuehn), a resident of Minersville, Schuylkill County, Pa., was involved in an automobile accident in Cumberland County, Pa. Kuehn filed a complaint in trespass in Philadelphia County naming Leroy Werner (Werner), a resident of Carlisle, Cumberland County, and National Freight, Inc. (National), a New Jersey corporation regularly conducting business in Philadelphia County, as original defendants. Original defendants then filed a writ to join as additional defendants Stanley Joseph Orawecz and Namoski.

Rule 2254(a) provides:

(a) *If the venue of the action by the plaintiff against the defendant is properly laid,* the defendant, or any additional defendant, may serve an additional defendant in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had or may serve a nonresident additional defendant who is subject to service under the laws of this Commonwealth in the manner provided by the Rules of Civil Procedure, subject to the right of the additional defendant to move for a severance under Rule 213(b) or for a change of venue under Rule (Emphasis supplied.)

Before an additional defendant may be properly served under Rule 2254(a), plaintiff's original choice of venue must be proper. Pennsylvania Rule of Civil Procedure 2179(a) (Rule 2179 a)):

(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

(1) the county where its registered office or principal place of business is located; or

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose; or

(4) a county where a transaction or occurrence took place out of which the cause of action arose.

Original defendant National regularly conducts business in Philadelphia County. Under Rule 2179(a)(2) venue was properly obtained over National in Philadelphia County. Therefore, venue was also properly obtained over original defendant

Werner under Pennsylvania Rule of Civil Procedure 1006(c). That rule provides:

(c) An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivision (a) or (b).

Since no Commonwealth party was as yet named as a defendant, venue was initially proper. Further, because venue was properly laid original defendants were now entitled to serve additional defendants in accordance with Rule 2254(a).

The Commonwealth contends, however, that when the additional defendant sought to be served is a Commonwealth party, venue is controlled solely by §8523(a) which states:

(a) Venue.—Actions for claims against a Commonwealth party may be brought in and only in a county in which the principal or local office of the Commonwealh party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose. If venue is obtained in the Twelfth Judicial District (Dauphin County) solely because the principal office of the Commonwealth party is located within it, any judge of the Court of Common Pleas of Dauphin County shall have the power to transfer the action to any appropriate county where venue would otherwise lie.

A "Commonwealth party" is defined in 42 Pa.C.S.A. §8501 as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office of employment."

Assuming, for purposes of this petition, that additional defendant Namoski was an employee of a Commonwealth agency acting within the scope of his employment at the time of the accident,* the Commonwealth's contention appears to have merit. Namoski's local office is in Harrisburg and all transactions and occurrences giving rise to this cause of action took place in Cumberland County. Therefore, if §8523(a) controls venue over a Commonwealth party as an additional defendant, venue is improper in Philadelphia County.

However, the Statutory Construction Act of 1972 directs that "[p]rovisions decreasing the jurisdiction of a court of record" are to be strictly construed. 1 Pa.C.S.A. §1928(b)(7). A careful reading of §8523(a) reveals that it speaks only to where actions against a Commonwealth party *"may be brought."* 42 Pa.C.S.A. §8523(a) (Emphasis supplied.) It makes no mention of the Commonwealth as an additional defendant. Therefore, a strict construction of this section, in accordance with the Statutory Construction Act of 1972, leads to the conclusion that §8523(a) applies only when the Commonwealth party is an original defendant. 1 Pa.C.S.A. §1928(b)(7).

Additionally, the General Assembly provided for a consistent reading of statutory law with the Rules of Civil Procedure when they enacted 42 Pa.C.S.A. §1722(a)(1) (§1722(a)(1)), which states in pertinent part that: [a]ll statutes shall be suspended *to the extent that they are inconsistent* with rules pre-

---

*Additional defendant Namoski's preliminary objections aver that Namoski was employed by the Pennsylvania Department of Environmental Resources and was acting within the scope of that employment at the time of the accident in question.

scribed under this paragraph." (Emphasis supplied.) Therefore, were this Court to interpret §8523(a) as applying to Commonwealth parties as additional defendants, §1722(a)(1) would require us to suspend that reading in a conflict with Rule 2254(a) such as is presented here.

Finally, this court realizes that the motion before it is not based on forum non conveniens. See Pa.R.C.P. 1006(a)(1). However, an analogy to that doctrine will aid us here. It is a well settled rule in Pennsylvania that when deciding a motion for change of venue based on forum non conveniens a court will not disturb plaintiff's proper choice of venue without weighty reason. Tarasi v. Settino, 233 Pa. Super. 152, 162, 298 A.2d 903, 905 (1972) citing Walker v. Ohio River Co., 416 Pa. 149, 205 A.2d 43 (1964).

Similarly, if §8523(a) were to be read as applying to Commonwealth parties as additional defendants, this court would be faced with the problem of plaintiff's being precluded from litigating their complaints in a forum that was proper when they initially chose it. This court believes that the heavy burden in favor of plaintiff's choice of a proper forum used in questions of forum non conveniens also argues strongly against an interpretation of §8523(a) which could result in pulling plaintiff's proper choice of forum out from under him.

In conclusion, when a Commonwealth party is an original defendant, §8523(a) will decide where venue is proper. However, when a Commonwealth party is joined as an additional defendant, Rule 2254(a) will control for venue purposes. Therefore, because additional defendant Namoski was properly served under Rule 2254(a), additional defendant's petition for change of venue is denied.

## ORDER

And now, this September 24, 1982, it is hereby ordered and decreed that the motion of additional defendant Michael Arthur Namoski for change of venue is denied.