## Harrison v. Pennfield Corporation

C.P. of Montgomery County, no. 94-22733.

*David C. Harrison,* for plaintiff.
*Joanne Steinke Faul,* for defendant.

DAVENPORT, *S.J.,* April 21, 1995—This opinion is necessitated by the plaintiff's appeal from the court's order sustaining the preliminary objections of the defendant and transferring the case to Lancaster County, Pennsylvania. See order of March 15, 1995.

This lawsuit stems from a motor vehicle accident involving plaintiff Wendell Harrison and defendant Stephen Howard Combs. Plaintiff was allegedly operating his tractor-trailer north on Route 11 in Perry County when the defendant Combs' vehicle struck plaintiff's vehicle from the rear. Although the plaintiff is domiciled in Philadelphia, the defendant domiciled in Lancaster County, and the accident occurred in Perry County, the plaintiff filed this action in Montgomery County. Plaintiff alleges that venue is proper pursuant to Pa.R.C.P. 2179(a)(2).[1]

"Defendant PENNFIELD Corporation is a Pennsylvania corporation having its principal place of business

---

1. "A personal action against a corporation or similar entity may be brought in and only in a county where it (the corporation) regularly conducts business." 42 Pa.R.C.P. 2179(a)(2).

at the above address. It is engaged in interstate and intrastate commerce, pursuant to authorities of the Interstate Commerce Commission and the Pennsylvania Utility Commission. Pursuant to the foregoing authorities, PENNFIELD Corporation transports, as a common carrier, goods and merchandise in inter and intra state commerce, *and does substantial business within the County of Montgomery, in addition to using the highways and roads within Montgomery County, Pennsylvania.*"

The defendants did not contest the allegation that the defendants "regularly did business" in Montgomery County, and therefore the court recognizes that venue in Montgomery County is "proper."

## DISCUSSION

Plaintiff claims that the court erred when it transferred venue based on the defendants' failure to deny that Montgomery County was improper (Para. 1), and the court's failure to determine that the defendant did not regularly do business in Montgomery County. (Para. 2.)

"Defendant filed preliminary objections challenging venue in Montgomery County. Venue was properly pleaded in plaintiff's complaint, pursuant to Pa.R.C.P. 2179(a)(2), alleging that defendant regularly conducted business in Montgomery County. ... Defendant did not deny that it regularly conducted business in Montgomery County, ..." See plaintiff's concise statement, para. 1.

As mentioned earlier, the court recognized the pleadings as establishing that the defendants did not contest the plaintiff's allegations regarding venue, and that Montgomery County was a "proper" forum for the action. The fact that Montgomery County is a proper venue for the action, however, did not preclude

Montgomery County from transferring the action pursuant to the doctrine of forum non conveniens which allows a court to resist the imposition upon its jurisdiction even when neither jurisdiction nor venue is defective. *Reyno v. Piper Aircraft Co.,* 630 F.2d 149, 157, *cert. granted,* 450 U.S. 909, 101 S.Ct. 1346, *reversed,* 454 U.S. 235, 102 S.Ct. 252 (1981).

Corporations have a constitutional right to seek a change of venue. *Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 242, 579 A.2d 1282, 1284 (1990), citing *Felts v. Delaware, Lackawanna and Western Railroad Co.,* 195 Pa. 21, 45 A. 493 (1900). While a plaintiff's choice of forum is entitled to weighty consideration, it is not unassailable. *Ernest v. Fox Pool Corp.,* 341 Pa. Super. 71, 491 A.2d 154 (1985). Pennsylvania vests the trial court with considerable discretion in determining whether or not to grant a petition for change of venue. See *Purcell v. Bryn Mawr Hospital, supra* at 242, 579 A.2d at 1284, citing Pa.R.C.P. 1006(d)(1).[2] "If there is any basis for the trial court's decision to ... transfer venue, the decision must stand." *Shears v. Rigley,* 424 Pa. Super. 559, 564, 623 A.2d 821, 824 (1993).

The standard of review is abuse of discretion, and the court abuses its discretion when: 1) it misapplies the law, 2) it reaches a decision that is manifestly unreasonable, or 3) it reaches a decision that is motivated by partiality, prejudice, bias, or ill-will. *Page v. Ekbladh,* 404 Pa. Super. 368, 371, 590 A.2d 1278, 1279 (1991).

In this instance, the court transferred the matter after reasonably concluding that Lancaster County would be

---

2. For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought. 42 Pa.R.C.P. 1006(d)(1).

a more appropriate forum for this action than Montgomery County. Lancaster County is more convenient for the defendants as well as any potential witnesses. The accident occurred in Perry County, Pennsylvania which is located near Harrisburg. The investigating state police officer is assigned to Perry County, the defendant driver is domiciled in Manheim, Pennsylvania, and the defendant corporation is located in Lancaster, Pennsylvania. Lancaster County provides superior convenience for the potential witnesses in this dispute. Moreover, Montgomery County has absolutely no connection to the case other than that it is the forum in which plaintiff chose to file suit. The court also concluded that a transfer from Montgomery County to Lancaster County will not present any significant increase in hardship to the plaintiff who is a resident of Philadelphia. In light of the court's reasonable consideration of these circumstances, the court did not abuse its discretion by transferring the matter to Lancaster County.

The plaintiff claims that a challenge based on forum non conveniens may be raised only by petition, and not by preliminary objection.

"To the extent the defendant's preliminary objections and arguments actually constituted a challenge to venue based on forum non conveniens, this was improper. This issue may only be raised by a petition pursuant to Pa.R.C.P. 1006(d)(1), not by preliminary objection." See plaintiff's concise statement, para. 3.

However, in *Walker v. Ohio River Company* and *Wilson v. Ohio River Company,* 416 Pa. 149, 205 A.2d 43 (1964),[3] the trial court sustained preliminary objections under the doctrine of forum non conveniens. The decision was later overturned on the grounds that

---

3. These cases were decided as one.

the trial court had abused its discretion. *Walker v. Ohio River, supra* at 153, 205 A.2d at 45-46. The trial court's decision to sustain preliminary objections pursuant to the doctrine of forum non conveniens was *not criticized.*

Moreover, this court finds that the nature of the doctrine of forum non conveniens is such that a court, sua sponte, may always introduce and consider the doctrine of forum non conveniens. Indeed, when applying the doctrine of forum non conveniens the court is instructed to consider sua sponte public interest factors in which the private litigants have no personal interest.

"Factors of public interest also have a place in applying the doctrine [forum non conveniens]. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community that has no relation to the litigation." *Rini v. New York Central Railroad Co.,* 429 Pa. 235, 239-40, 240 A.2d 372, 374 (1968), citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947).

Forum non conveniens represents an escape valve for *the court* to prevent a strict application of the venue rules from resulting in unfairness. While the parties are required to adhere strictly to the formal rules of venue, or risk the court finding venue "improper" as a matter of law, *the court* is empowered to apply the doctrine of forum non conveniens in order to avoid an unfair result.

If a court decides that it has no compelling interest in hearing the matter, and the trial court identifies a forum which it believes is superior or "more appropriate," then the court's decision to transfer the case should be respected. In this instance, by transferring the case to Lancaster County, the court simply suggests

118

that: 1) Montgomery County is not interested in burdening its courts or its residents with hearing this matter; and 2) if Lancaster County would like to hear the matter, it may do so because Montgomery County believes Lancaster County is a "more appropriate" forum.

## SUMMARY

Pennsylvania courts have sustained preliminary objections pursuant to the doctrine of forum non conveniens. See *Walker v. Ohio River Corp.*, 416 Pa. 149, 205 A.2d 43 (1964). A court, sua sponte, may transfer the case to a more appropriate venue in order to avoid burdening its residents with hearing the matter, or to avoid an unfair or inconvenient forum. So long as the court provides reasonable justification for transferring the matter, the court's decision to transfer should be affirmed. *Shears v. Rigley, supra.* After careful consideration of the circumstances surrounding the matter, the court determined that Lancaster County was the more appropriate forum to adjudicate this legal action.